**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| Neil Zlozower, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No: |
| v. | ) |
| | ) |
| Rock and Roll Hall of Fame and | ) **DEMAND FOR JURY TRIAL** |
| Museum, Inc., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT**

Plaintiff Neil Zlozower ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Rock and Roll Hall of Fame and Museum, Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created a photograph of American rock band Van Halen (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a museum located in Clevland, Ohio (the "*Museum*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph in the Museum and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

5. Plaintiff Neil Zlozower is an individual who is a citizen of the State of California

1

and maintains a principal place of business in Los Angeles County, California.

6. Upon information and belief, defendant Rock and Roll Hall of Fame and Museum, Inc., is an Ohio corporation with a principal place of business at 1100 Rock and Roll Blvd, Cleveland in Cuyahoga County, Ohio.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Ohio.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A. **Plaintiff's Copyright Ownership**

10. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

11. Plaintiff is a renowned rock photographer with a career spanning over 50 years, capturing legendary bands like The Rolling Stones, Van Halen, Guns N' Roses, and Mötley Crüe.

12. Starting at age 14, Plaintiff's iconic images have graced over 800 magazine covers and countless album sleeves.

13. Plaintiff has published five photography books, including Van Halen: A Visual History and Six-String Heroes, showcasing his deep connection to rock and roll.

14. Plaintiff's 2005 world premiere exhibit at Musichead Gallery was a milestone that highlighted his incredible influence on rock photography and solidified his legacy as one of rock's most iconic and collectible photographers.

15. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

16. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

17. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

18. Plaintiff created the Photograph. A copy of the Photograph is attached hereto as <u>Exhibit 1</u>.

19. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

20. On January 31, 2017, the Photograph was registered by the USCO under Registration No. VA 2-042-825.

21. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.** **<u>Defendant's Infringing Activity</u>**

22. Defendant is the registered owner of the Museum and is responsible for its content.

23. Defendant is the operator of the Museum and is responsible for its content.

24. The Museum is a key component of Defendant's popular and lucrative commercial enterprise.

25. Upon information and belief, Defendant is a sophisticated company which owns a comprehensive portfolio of physical and digital platforms and has advanced operational and strategic expertise in an industry where copyright is prevalent.

26. Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific practices including the need to ensure that all of the works used in their exhibits have been properly licensed.

27. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal

compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

28. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content is used or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

29. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

30. Defendant displayed the Photograph as part of an 8' tall exhibition in the Museum (the "*Exhibition*". A copy of a screengrab of the Museum including the Photograph is attached hereto as Exhibit 2.

31. Upon information and belief, the Exhibition created by Defendant did not include any photo credit or mentions as to the source of the image.

32. Plaintiff first observed the Infringement on October 21, 2022.

33. Upon information and belief, the Photograph was willfully and volitionally copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter the unauthorized uses set forth above is referred to as the "*Infringement*").

34. The Infringement is an exact copy of a critical portion of Plaintiff's original image that was directly copied and displayed by Defendant in the Exhibition.

35. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

36. Upon information and belief, Defendant received a financial benefit directly attributable to the Infringement.

37. Upon information and belief, a large number of people have viewed the unlawful copy of the Photograph in the Exhibition.

38. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

39. Defendant's use of the Photograph harmed the actual market for the Photograph.

40. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

41. On March 22, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

42. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

43. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

44. On May 21, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

45. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

46. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, upon information and belief, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

47. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

48. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

49. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

50. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

51. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

52. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, and publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

53. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

54. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it in the Museum.

55. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

56. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

## JURY DEMAND

57.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

  a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

  b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

  c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

  d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505

  e.    for pre-judgment interest as permitted by law; and

  f.    for any other relief the Court deems just and proper.

DATED: October 18, 2024                **SANDERS LAW GROUP**

By:  */s/ Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129753
*Attorneys for Plaintiff*