UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NEIL ZLOZOWER,** | ) | CASE NO. 1:24CV1817 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| **THE ROCK AND ROLL HALL OF** | ) | |
| **FAME AND MUSEUM, INC.,** | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Motion (ECF DKT #15) of Plaintiff Neil Zlozower for Leave to File a First Amended Complaint. For the following reasons, the Motion is granted.

**I. BACKGROUND**

Plaintiff commenced this action for Copyright Infringement on October 18, 2024. Plaintiff is a renowned rock photographer who created and owns licenses in a photograph of the band, Van Halen. He alleges that without permission or authorization, Defendant Rock and Roll Hall of Fame and Museum, Inc. copied and/or displayed his photograph in the Museum and did not credit Plaintiff as the owner of the copyrighted photo. Plaintiff alleges that he registered the copyright on January 31, 2017. Plaintiff alleges that he first observed the infringement on October 21, 2022. Plaintiff sent two letters through counsel, informing Defendant of the infringement and asserting that Defendant's use harms the potential market for the photograph.

Because the infringement continued despite the written notice, Plaintiff alleges that Defendant's conduct is willful.

Defendant filed its Answer with Affirmative Defenses on November 22, 2024. Defendant is an Ohio non-profit corporation with an educational and charitable mission. Defendant operates a museum which collects, preserves, exhibits and interprets rock and roll music as an artform. Defendant's Answer asserts a number of defenses including the doctrine of fair use. Defendant contends its use is non-commercial, educational and transformative. The photograph was part of a larger display intended to celebrate musical instruments that gave rock and roll its signature sounds. Select instruments were displayed as historical artifacts, particularly guitars. Eddie Van Halen's guitars and equipment, accompanied by the photograph at issue, were part of exhibits titled: "Play It Loud: Instruments of Rock & Roll" and "Legends."

On January 21, 2025, Defendant filed a Motion (ECF DKT #13) for Judgment on the Pleadings, arguing that Plaintiff's claim fails as a matter of law because the Museum's utilization of the photograph constitutes fair use.

On January 23, 2025, the Court conducted a Telephonic Case Management Conference setting a deadline for amending pleadings or adding parties by February 24, 2025, in accordance with the parties' agreed proposal in their Rule 26 Report of Parties' Planning Meeting. The Court also ordered that fact discovery would proceed after the ruling on the pending dispositive motion.

Plaintiff filed a Brief in Opposition to the Motion for Judgment on the Pleadings and also filed the instant Motion for Leave to File a First Amended Complaint. After reviewing Defendant's Answer with attachments, Plaintiff identified a second photographic image of

Edward Lodewijk Van Halen in which Plaintiff owns registered rights and which was displayed on a placard at the base of the guitar exhibit in the Museum.  Consequently, Plaintiff seeks to amend and add another Copyright Infringement claim for the second photograph.  Plaintiff's amended pleading will allege that this photograph, like the first, was used in Defendant's exhibit without attribution or license/permission.  Plaintiff intends to further amend to add allegations that he has previously licensed his photographs to four museums.  Plaintiff's pleading will also provide allegations of Defendant's ticket prices and revenue.

Defendant opposes Plaintiff's request to amend on the basis of futility.  The Museum's display of portions of Plaintiff's photographs provided context for the historical importance of rock and roll instruments.  Defendant is a non-profit entity that made fair use of the photographic images for educational purposes.

## II. LAW AND ANALYSIS

**Motion to Amend**

Fed.R.Civ.P. 15(a)(2) reads in part, "The court should freely give leave [to amend] when justice so requires."  However, this liberal amendment policy is not without limits.  The Sixth Circuit has observed:  "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would:  require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or

prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

Delay, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). When Plaintiff reviewed the attachments to Defendant's Answer, he recognized another of his copyrighted works. There was no undue delay prior to Plaintiff's request to amend.

In addition, when discovery is in the early stages, any prejudice from entertaining an amended pleading is minimal. Discovery has been paused in this matter pursuant to the Court's Case Management Conference Minutes Order.

Addressing the contention that an amendment might necessitate another dispositive motion, the Sixth Circuit noted that "another round of motion practice ... does not rise to the level of prejudice that would warrant denial of leave to amend." *Morse*, 290 F.3d at 801.

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Cicchini v. Blackwell*, 127 F.App'x 187, 190 (6th Cir. 2005) citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 518 (6th Cir. 2001).

The "fair use" principles in Copyright Law are codified in 17 U.S.C. § 107:

[T]he fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
(2) the nature of the copyrighted work;
(3) the amount and substantiality of the portion used in relation to the

copyrighted work as whole; and
(4) the effect of the use upon the potential market for or value of the copyrighted work.

"Fair use is a mixed question of law and fact." *Harper & Row Publishers v. Nation Enter.*, 471 U.S. 539, 560 (1985). In addition, fair use is an "open-ended and context-sensitive inquiry." *Blanch v. Koons*, 467 F.3d 244, 251 (2d Cir. 2006).

In considering Defendant's futility argument, "[a]t this stage of the litigation, this Court is charged with determining whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty.*, Ohio, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015). Plaintiff's proposed amendments are not, on their face, futile nor frivolous; and further scrutiny would require the Court to address the merits.

Thus, the dispute over the viability of Plaintiff's Copyright Infringement claims — for example, whether or not Defendant's use of the photographs was of a commercial nature or whether or not there existed a potential market for licensing Plaintiff's works to museums — is more appropriately addressed through dispositive motion practice and not at the pleading stage of the litigation.

In the instant situation, the Court finds that the Fed.R.Civ.P. 15(a)(2) factors weigh in favor of allowing Plaintiff to amend. Moreover, the Court acknowledges the well-settled principle that "federal courts have a strong preference for trials on the merits." *Clark v. Johnston,* 413 F.App'x 804, 819 (6th Cir. 2011).

### III. CONCLUSION

Therefore, the Motion (ECF DKT #15) of Plaintiff Neil Zlozower for Leave to File a First Amended Complaint is granted. Plaintiff shall file his First Amended Complaint by July 10,

2025. Defendant Rock and Roll Hall of Fame and Museum, Inc. shall file an Amended Answer and any renewed dispositive motion by August 4, 2025. In light of this ruling, Defendant's Motion for Judgment on the Pleadings (ECF DKT #13) is denied as moot, with the right to re-file if warranted.

    **IT IS SO ORDERED.**

    **DATE: July 2, 2025**

                               **s/Christopher A. Boyko**
                               **CHRISTOPHER A. BOYKO**
                               **United States District Judge**