IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NEIL ZLOZOWER, | : |
| | : |
| *Plaintiff,* | : Case No: 1:24-cv-01817-CAB |
| | : |
| v. | : JUDGE CHRISTOPHER A. BOYKO |
| | : |
| ROCK AND ROLL HALL OF FAME | : MAGISTRATE JUDGE JENNIFER |
| AND MUSEUM, INC., | : DOWDELL ARMSTRONG |
| | : |
| *Defendant.* | : |

**MOTION FOR LEAVE TO SUBMIT SECOND JOINT PLANNING
REPORT AND FOR SECOND CASE MANAGEMENT CONFERENCE
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Neil Zlozower ("*Plaintiff*"), by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 16(a) and Local Civil Rule 16(b)(3), moves this Honorable Court for entry of an Order granting leave to submit a second Joint Planning Report and scheduling a Second Case Management Conference. In support of this motion, Plaintiff states and alleges as follows:

**BACKGROUND**

1. Plaintiff commenced the instant action upon the filing of a Complaint with this Court (the "*Complaint*") on October 18, 2024. *Dkt. No. 1*.

2. By Order dated November 8, 2024 (*Dkt. No. 5*), the Court scheduled a Case Management Conference for January 23, 2025, and directed the parties to submit a proposed discovery plan in advance of the Conference.

3. On January 17, 2025, the parties submitted their Joint Report with a proposed case schedule and recommended discovery plan (*Dkt. No. 11*).

4. Thereafter, the defendant Rock and Roll Hall of Fame and Museum, Inc.

("*Defendant*") filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on January 21, 2025 (*Dkt. No. 12*).

5. On January 23, 2025, Your Honor assigned this matter to the standard case track but stayed discovery pending resolution of Defendant's motion for judgment on the pleadings (*text only entry January 23, 2025*).

6. On February 19, 2025, Plaintiff filed a motion for leave to submit a first amended complaint (*Dkt. No. 14*).

7. By Order dated July 2, 2025, Your Honor granted Plaintiff's request for leave to file an amended pleading and denied Defendant's then pending motion for judgment on the pleadings as moot (*Dkt. No. 20*).

8. Although Defendant's motion was denied as moot, Your Honor observed that the viability of Plaintiff's claims "is more appropriately addressed through dispositive motion practice and not at the pleading stage of the litigation." *Id*.

9. Plaintiff submitted his First Amended Complaint on July 10, 2025 (*Dkt. No. 21*).

10. Defendant submitted its Answer to Plaintiff's First Amended Complaint on August 4, 2025 (*Dkt. No. 22*).

11. Thereafter, Defendant filed a renewed motion for judgment on the pleadings on August 4, 2025, which advances arguments that are almost word-for-word recitations of those made in its January 21, 2025, motion. *Dkt. No. 23*.

## ARGUMENT

12. Plaintiff seeks entry of an Order granting the parties leave to submit a second proposed schedule governing discovery in this matter as well as scheduling a Second Case Management Conference.

13. As factual issues remain in dispute regarding Plaintiff's copyright claims and/or Defendant's defenses, Plaintiff submits that good cause exists to allow the parties to proceed with discovery to further develop the record in regard to the parties' respective claims and/or defenses. Conversely, Plaintiff respectfully submits that a continued stay of discovery would not serve the interests of judicial economy.

14. District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets. *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014).

15. While Defendant has renewed its request for this Court to render a judgment based solely on the pleadings, allowing for the development of a factual record will assist the trier of fact in rendering a determination on Defendant's assertion of fair use which remains "a mixed question of fact and law." *Reed v. Freebird Film Prods., Inc.*, 664 F. Supp. 2d 840, 846 (N.D. Ohio 2009).

16. Given that the parties have already presented to the Court a joint proposed schedule without issue, a second proposed schedule would require minimal changes to the parties' prior submission (*Dkt. No. 11*) and Your Honor has already identified several critical areas for inquiry in the Court's July 2, 2025, Order (see Dkt. No. 20, p. 5). Therefore, it is respectfully submitted that discovery should proceed.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court issue an Order granting the parties leave to submit a second proposed case schedule to govern discovery and schedule a second Case Management Conference should the Court find it warranted.

Dated: September 19, 2025

**SANDERS LAW GROUP**

By: */s/ Joshua D. Vera*

Joshua D. Vera, Esq.
Craig B. Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY
Tel: (516) 203-7600
Email: jvera@sanderslaw.group
Email: csanders@sanderslaw.group
*Attorneys for Plaintiff*