## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **NEIL ZLOZOWER,** | ) | **CASE NO. 1:24CV1817** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **THE ROCK AND ROLL HALL OF** | ) | |
| **FAME AND MUSEUM, INC.,** | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.:**</u>

This matter comes before the Court upon the Motion (ECF DKT #23) of Defendant The Rock and Roll Hall of Fame and Museum for Judgment on the Pleadings. For the following reasons, the Motion is granted. Plaintiff has filed a Motion (ECF DKT #27) for Leave to Submit Second Joint Planning Report and Motion for Second Case Management Conference. In light of this ruling, Plaintiff's Motion is denied as moot.

## I. BACKGROUND

Plaintiff Neil Zlozower is a professional photographer who has spent decades capturing images of legendary rock bands. His photographs appear on a multitude of magazine covers and album sleeves. He has published six photography books, including <u>Van Halen: A Visual History and Six-String Heroes</u>. Defendant is an Ohio non-profit corporation (described in Internal Revenue Code § 501(c)(3)) that carries out its charitable mission, in part, by operating a museum which collects, preserves, exhibits and interprets rock-and-roll music as an art form.

Plaintiff filed his First Amended Complaint on July 10, 2025 (ECF DKT #21), asserting a

claim for Direct Copyright Infringement against Defendant under the Copyright Act, 17 U.S.C.

§ 101, *et seq*. Plaintiff created a photograph of the American rock band Van Halen (Photograph

#1) and of the musician Edward Lodewijk Van Halen (Photograph #2). Plaintiff is the author of

both Photographs and responsible for their publication. On January 31, 2017, the Photographs

were registered with the United States Copyright Office under Registration No. VA 2-042-825.

> Plaintiff created the Photographs to document and memorialize the rock group
> Van Halen with the intention of them being for the purpose [sic] public
> distribution and display in various forms including but not limited to magazines
> [sic] covers, inside use, centerfolds, album covers, cd covers, advertisements for
> the equipment/musical instruments in the world, book covers and inside book
> usage, documentaries, movies, collector prints, songbook covers, VHS and DVD
> covers, publicity shots, advertising shots, authentication usage, billboards, Namm
> show full life size stand up images, for detailed reference to make miniature
> models of musicians, images on vinyl picture discs, tour programs, merchandising
> tee shirts/apparel, and various merchandising products, (bar stools, clocks, bed
> sheets and comforters, beverage mugs, guitar picks, trading cards, and buttons.
> (First Amended Complaint, ECF DKT #21, ¶ 31).

Defendant, allegedly without permission or authorization, actively copied and displayed

Photographs #1 and #2 in the Museum. Defendant displayed Photograph #1 as part of an 8' tall

image in the Museum and displayed Photograph #2 as part of a placard alongside. Defendant did

not include any photo credit or mentions as to the source of the Photographs. The infringing

images are exact copies of critical portions of Plaintiff's original Photographs. Plaintiff alleges:

"Upon information and belief, Defendant received a financial benefit directly attributable to the

Infringements." (ECF DKT #21, ¶ 53). Defendant's unlicensed use of the Photographs was

"commercial in nature" and "added nothing new or transformative to the Photographs." (ECF

DKT #21, ¶¶ 59-60). "Defendant, museums, and art exhibitions are part of Plaintiff's licensing

markets for his works." (ECF DKT #21, ¶ 34). Defendant's use of the Photographs "harmed the

actual market for the Photographs" and "if widespread, would harm Plaintiff's potential market for the Photographs."  (ECF DKT #21, ¶¶ 64-65).

In its Answer (ECF DKT #22), Defendant admits as undisputed that it is registered as an Ohio non-profit corporation with the charitable mission of operating a museum which collects, preserves, exhibits and interprets rock-and-roll music as an art form.  (¶ 35).  Further, Defendant asserts the doctrine of fair use as an affirmative defense:  Defendant "included a small portion of Photograph 1 (the full Van Halen band), and a portion of Photograph 2 (Eddie Van Halen, alone), alongside a collection of Eddie Van Halen's guitars, his amplifiers, his effects units, as well as interpretive educational text and placards, and a multimedia video interview with Eddie Van Halen, in its "Play It Loud: Instruments of Rock & Roll" exhibit celebrating the musical instruments that gave rock and roll its signature sound."  (Affirmative Defense #6).  Defendant's "transformative use of the Photographs, in furtherance of its non-profit mission to engage, teach, and inspire through the power of rock & roll, was of a limited nature that was reasonably necessary to contextualize the historical musical instruments on display in the Museum Exhibits, had no effect on the potential market for or value of the copyrighted work, and consequently qualifies as permissible fair use for which there can be no liability under 17 U.S.C. § 107."  *Id*.

Defendant moved for judgment on the pleadings on August 4, 2025.  The matter has been fully briefed and is ripe for decision.

## II. LAW AND ANALYSIS

### Fed.R.Civ.P. 12(c) Standard of Review

After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.  Fed.R.Civ.P. 12©.  In this jurisdiction, "[t]he

standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . . We 'construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief.'" *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 389 (6th Cir. 2007) (citations omitted). The pleading does not have to demonstrate probability; rather, "just enough factual information to create an expectation that discovery will uncover evidence supporting the claim." *Haber v. Rabin*, No. 1:16CV546, 2016 WL 3217869, at *3 (N.D.Ohio Jun.10, 2016), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

The court's decision "rests primarily upon the allegations of the complaint;" however, "exhibits attached to the complaint [] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (citation omitted) (brackets in the original).

The court need not accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Bus. Servs*., 135 F.3d 389, 405 (6th Cir. 1998). The complaint must state a plausible claim for relief. "Plausibility is a context-specific inquiry, and the allegations in the complaint must 'permit the court to infer more than the mere possibility of misconduct,' namely, that the pleader has 'show[n]' entitlement to relief." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co*., 899 F.2d 485 (6th Cir. 1990).

Lastly, a Rule 12(c) motion "is granted when no material issue of fact exists and the

-4-

party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

## Copyright Infringement

The owner of a copyright has the exclusive rights (1) to "reproduce the copyrighted work"; (2) to "prepare derivative works"; (3) to "distribute copies"; (4) to "perform the copyrighted work publicly"; and (5) to "display the copyrighted work publicly." 17 U.S.C. § 106(1)–(6).

"A plaintiff may bring a claim against a person who infringes any of the plaintiff's exclusive rights in a copyright under § 106 by demonstrating two elements: '(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original.' " *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004) (quoting *Feist Publ'ns. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)); accord *Enchant Christmas Light Maze & Mkt. Ltd. v. Glowco LLC,* 958 F.3d 532, 536 (6th Cir. 2020); *Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003).

## Fair Use Doctrine

"The purpose of the fair-use doctrine is to ensure that courts 'avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster.' " *Zomba Enters. v. Panorama Recs.*, 491 F.3d 574, 581 (6th Cir. 2007) (quoting *Princeton Univ. Press v. Mich. Document Servs.*, 99 F.3d 1381, 1385 (6th Cir. 1996)).

## 17 U.S.C. § 107

[T]he fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including

multiple copies for classroom use), scholarship, or research, is not an infringement of copyright.  In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
(2) the nature of the copyrighted work;
(3) the amount and substantiality of the portion used in relation to the copyrighted work as whole; and
(4) the effect of the use upon the potential market for or value of the copyrighted work.

These four non-exclusive factors should not be treated in isolation but must all be weighed in light of the aims of copyright protection.

"Fair use" is considered a "mixed question of law and fact."  *Harper & Row Publishers v. Nation Enter*., 471 U.S. 539, 560 (1985).  Also, "fair use" is an "open-ended and context-sensitive inquiry."  *Blanch v. Koons*, 467 F.3d 244, 251 (2d Cir. 2006).  Nevertheless, an affirmative defense of fair use can be considered at the motion to dismiss stage, even post-*Andy Warhol Foundation for the Visual Arts v. Goldsmith*, 598 U.S. 508 (2023).   See the examples listed in *Breeden Media LLC v. Daily Wire LLC*, 3:24-cv-00723, 2024 WL 5239886, *5 (M.D. Tenn. Dec. 27, 2024):

> [T]here is no indication that the Supreme Court's decision in *Andy Warhol Foundation for the Visual Arts v. Goldsmith*, 598 U.S. 508 (2023), has changed this rule.  See, e.g., *Santos v. Kimmel*, No. 24cv1210 (DLC), 2024 WL 3862149, at *3 (S.D.N.Y. Aug. 19, 2024) (dismissing copyright claims on a 12(b)(6) motion based on fair use); *McGillvary v. Netflix*, No. 2:23-cv-01195-JLS-SK, 2024 WL 3588043, at *9 (C.D. Cal. July 30, 2024) (same); *Strom v. Petershagen*, No. 2:24-cv-00583-BAT, 2024 WL 3638056, at *8 (W.D. Wash. Aug. 2, 2024) (same); *Atari Interactive. v. State Farm Mut. Auto. Ins. Co.*, No. 3:24-CV-0704-D, 2024 WL 4343050, at *2 (N.D. Tex. Sept. 27, 2024) ("In the copyright realm, fair use is an affirmative defense that can support Rule 12(b)(6) dismissal." (quoting *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist*., 27 F.4th 313, 320 (5th Cir. 2022)); see also *In Lux Rsch. v. Hull McGuire*, No. 23-523 (JEB), 2024 WL 774858, at *3 (D.D.C. Feb. 26, 2024) (noting that fair use can be

decided before discovery in exceptional cases).  *Breeden*, 2024 WL 5239886, *5.

## 1.  Purpose and Character of Use

For this factor, the Court examines whether Defendant's use is transformative and whether the use has a commercial purpose.  The Supreme Court instructs that a work is transformative where it "adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994); *Andy Warhol Found. for Visual Arts, Inc.*, 11 F.4th 26, 37 (2d Cir. 2021).

Transformative works further "the goal of copyright, to promote science and the arts." *Campbell*, 510 U.S. at 579.

Significantly, a secondary work "can be transformative in function or purpose without altering or actually adding to the original work."  *Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 84 (2d Cir. 2014).  Also, in *Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605 (2d Cir. 2006), the defendant published a coffee table book containing exact unlicensed copies (though reduced in size) of Grateful Dead concert posters; yet, the Second Circuit held that the use of the poster images as historical artifacts was transformative.

According to Plaintiff's First Amended Complaint (ECF DKT #21 at ¶ 31):  "Plaintiff created the Photographs to document and memorialize **the rock group Van Halen** with the intention of them being for the purpose [sic] public distribution and display in various forms . . ." (Emphasis added).

At ¶ 25, Plaintiff alleges that he shot three live shows and a backstage photo session with the band prior to an Oakland concert.

-7-

Further, at ¶ 26:  "Plaintiff's hope in creating the images would be to portray **the band members** as fun-loving, good-looking party band so that they could tease their fans before the release of their second album."  (Emphasis added).

On the other hand, Defendant's "Play It Loud: Instruments of Rock & Roll" exhibit celebrated "the musical instruments that gave rock and roll its signature sound" and used the "Photographs—as but one of many design elements in its expertly curated exhibit furthering its nonprofit educational purposes . . . as an historical artifact that contextualizes the significance of the exhibition objects: namely, its guitars and related sound equipment."  (Answer, ECF DKT #22, Affirmative Defense #6).

Looking at Plaintiff's Photographs and Defendant's Exhibit side-by-side and in light of copyright law, the Court finds that Defendant's use adds new meaning and is transformative. This is true although the copying is nearly exact.  Defendant cropped out of Photograph #1 all the band members but Eddie Van Halen and his guitar, and enlarged that image to an 8-foot display. Photograph #2 was altered by Defendant to show Eddie Van Halen's upper body raising the guitar.  The year the artist was inducted into the Rock Hall (2007) was added and the image was placed alongside informational placards and in front of guitar replicas, speakers and amplifiers.

Defendant's clear purpose was not to promote the band nor to emphasize the band's fun-loving nature as Plaintiff alleges was his intent.  Defendant's focus is on Eddie Van Halen only and on "Frankenstein," his guitar, illustrating the significance of the instrument in the history of rock and roll.

The consideration that a use is commercial as opposed to non-profit or charitable is an additional element of the fair use factor.  However, the commercial nature of a use can be

relevant but not necessarily dispositive.  *Google LLC v. Oracle America, Inc.*, 593 U.S. 1, 32 (2021).  "[G]iven that much of the creative work performed in this country is done for commercial purposes, this second point tends to take on less significance, especially when the new work is highly transformative."  See *Zomba Enters. v. Panorama Recs.*, 491 F.3d 574, 581 (6th Cir. 2007).

Plaintiff alleges:  "Defendant charges admission despite generating a profit each year from its operations."  (ECF DKT #21, ¶ 5).  "Upon information and belief, Defendant received a financial benefit directly attributable to the Infringements."  (*Id*. at ¶ 53).  "Defendant's unlicensed use was commercial in nature."  (*Id*. at ¶ 59).

Putting aside that the last allegation is a legal conclusion and not a factual averment, the Court is persuaded by the reasoning in *Marano v. Metropolitan Museum of Art*, 472 F.Supp.3d 76 (S.D. N.Y. 2020), which involved a Van Halen photograph by a different photographer which was included in the Met's online catalogue for the "Play It Loud: Instruments of Rock & Roll" Exhibition.  The New York court dismissed the Complaint; and with regard to commercialism, opined:

> [T]he relevant issue is not the Met's business model but whether the use at issue is commercial in nature.  Even in the unlikely event that discovery would reveal that Plaintiff's Photo drove viewers to visit the Met's galleries and pay admission fees, the Court would not place much significance on that fact due to the transformative nature of the secondary use.  *Marano*, 472 F.Supp.3d at 86.

Defendant admits that it charges an admission fee albeit with some exceptions; but Plaintiff makes no allegation that a fee was charged to view this particular Exhibit.  Even construing the allegations of the Amended Complaint in Plaintiff's favor, the Court finds that the alleged commercial aspect of Defendant's use of Plaintiff's Photographs does not overcome

Defendant's transformative purpose nor negate the fair use defense.  *Google LLC*, 593 U.S. at 32.

## 2. Nature of Copyrighted Work

The second fair use factor requires the Court to consider the "nature of the copyrighted work," including whether (1) it is "expressive or creative ... or more factual, with a greater leeway being allowed to a claim of fair use where the work is factual or informational," and (2) "the work is published or unpublished, with the scope of fair use involving unpublished works being considerably narrower."  *Andy Warhol Found. for Visual Arts, Inc.*, 11 F.4th at 45; *Balsley v. LFP*, 691 F.3d 747, 759 (6th Cir. 2012).

Plaintiff is a renowned photographer who chose the lighting, angles, framing, perspective, depth, lenses and camera equipment for Photographs #1 and #2.  Therefore, the Court finds that Plaintiff's work is expressive and creative rather than factual and informational.

However, were the Photographs published?  It is not clear from the First Amended Complaint whether or not the photos at issue were included in Plaintiff's book, <u>Van Halen: A Visual History and Six-String Heroes</u>.  Plaintiff does allege that he intended the Photographs for public distribution and display in various forms of media.  (ECF DKT #21, ¶ 31).

Balancing each aspect of the second factor, the Court finds that it weighs only slightly in Plaintiff's favor and against fair use.

## 3.  Amount and Substantiality of the Portion Used

This third factor focuses on the amount of the allegedly infringed work that was taken by the alleged infringer.  *Zomba Enters.*, 491 F.3d at 583.  "[T]he court should consider both the 'quantity' and ... the 'value' of the materials taken[;] that is, the court should consider whether the amount taken was 'reasonable in relation to the purpose of the copying.' "  *House of Bryant*

*Publ'ns, v. A & E Television Networks*, No. 3:09-0502, 2009 WL 3673055 at *7 (M.D. Tenn. Oct. 30, 2009) (quoting *Campbell*, 510 U.S. at 586).

"Copying the entirety of a work is sometimes necessary to make a fair use of the image." *Bill Graham*, 448 F.3d at 613.  Defendant's undisputed purpose was to illustrate the importance of certain instruments to the history of rock-and-roll music.  It was reasonably necessary for Defendant to include full images of Eddie Van Halen playing the "Frankenstein" guitar.

The Court finds that the third factor does not weigh against Defendant's fair use defense.

**4. Effect of the Use Upon the Market for or Value of the Original**

The Court has already determined that the commercial nature of Defendant's use of the Photographs is minimal.

"[E]very commercial use of copyrighted material is presumptively an unfair exploitation of the monopoly privilege that belongs to the owner of the copyright." *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 451 (1984).

The analysis of the fourth factor involves whether Defendant brought to the marketplace a competing substitute for the Photographs or their derivative, so as to deprive Plaintiff of revenues "because of the likelihood that potential purchasers may opt to acquire the copy in preference to the original." *Authors Guild v. Google, Inc.*, 804 F.3d 202, 222 (2d Cir. 2015).  The market factor asks whether the secondary use "usurps the market for the first by offering a competing substitute." *Andy Warhol Found. for Visual Arts, Inc.*, 11 F4th at 48, citing *Bill Graham*, 448 F.3d at 614.  The Court considers not only the extent of market harm caused by Defendant's particular actions, but also whether unrestricted and widespread conduct of the sort engaged in by Defendant would result in a substantially adverse impact on the potential market for the

Photographs. The impact on Plaintiff's actual or potential market must be significant and substantial. *Authors Guild*, 804 F.3d at 224.

Plaintiff alleges that he "also licensed images for museum usage" (ECF DKT #21, ¶ 32); and conclusorily asserts, "Defendant's use of the Photographs harmed the actual market for the Photographs" and "Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs." (ECF DKT #21, ¶¶ 64-65).

Reading the First Amended Complaint liberally in Plaintiff's favor, there is no factual allegation that Defendant reproduced the original works for sale or publication in a media which would compete with Plaintiff's photography books or other listed uses. Plaintiff does not allege that he specifically licensed Photographs #1 and #2 to museums nor that Defendant usurped the market by licensing the Photographs to other museums. It is unlikely that the expressive purpose of Plaintiff's Photographs would be affected in any significant or meaningful way by Defendant's use. Thus, the fourth factor weighs in Defendant's favor.

## III. CONCLUSION

Balancing the necessary factors and giving due consideration to every allegation in Plaintiff's First Amended Complaint, the Court concludes that Defendant's use of Plaintiff's copyrighted Photographs is fair use. Therefore, the Motion (ECF DKT #23) of Defendant The Rock and Roll Hall of Fame and Museum for Judgment on the Pleadings is granted and Plaintiff Neil Zlozower's Complaint is dismissed.

**IT IS SO ORDERED.**
**DATE: 11/10/2025**              **s/Christopher A. Boyko**
                                              **CHRISTOPHER A. BOYKO**
                                              **United States District Judge**